# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAP'S CAFÉ, LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>MYPIZZA TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No.<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE THAT defendant MyPizza Technologies, Inc. ("Defendant" or "MyPizza"), by and through their counsel, Kelley Drye & Warren LLP, respectfully request that the above-captioned action (the "Action") be removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "Cook County Circuit Court") to the United States District Court for the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1441(a) on the following grounds:

## BACKGROUND

1. This Action was commenced by Plaintiff Pap's Café, Ltd. ("Plaintiff" or "Pap's") on November 17, 2017, by the filing of the Class-Action Complaint (the "Complaint") in *Pap's Café Ltd. v. MyPizza Technologies, Inc.*, Case No. 17 CH 15285, in the Cook County Circuit Court. True and correct copies of all process, pleadings or orders served upon Defendant, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2. Plaintiff alleges in its Complaint that it "brings this action on behalf of itself and all other persons similarly situated" for alleged violations of the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), in connection with a facsimile message allegedly received by Plaintiff.

3. Defendant was served with the Complaint and summons on November 29, 2017.

4. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorneys of record in the Action, as well as to the Clerk of the Cook County Circuit Court, as required by 28 U.S.C. § 1446(d).

5. This Action may properly be removed to the United States District Court for the Northern District of Illinois, Eastern Division due to the presence of a federal question pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending.

7. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions are hereby reserved. Defendant does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules.

**THE NOTICE OF REMOVAL IS TIMELY**

8. In accordance with 28 U.S.C. § 1446(b), Defendant is timely filing this Notice of Removal within the 30-day from service removal period. *See Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1010 (N.D. Ill. 2009) (finding notice of removal timely because "the time for removal is not triggered until a defendant has been served with a copy of the summons"); *see also Collins v. Pontikes*, 447 F. Supp. 2d 895, 899 (N.D. Ill. 2006) (30-day removal clock began to run on date defendant is served with both summons and complaint). Plaintiff served the Defendant on November 29, 2017.

9. Defendant has not filed a responsive pleading in the Action commenced by Plaintiff in the Cook County Circuit Court and no other proceedings have transpired in that Action.

## THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FEDERAL QUESTION PURSUANT TO SECTION 1331

10. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a district court has "original jurisdiction." *Id.*

11. This Court has original jurisdiction over the Action because Plaintiff's claims arise under the TCPA, as amended by the Junk Fax Prevention Act of 2005 (the "JFPA"). Compl., ¶2. While "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012), "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331," *id.* at 753; *see also Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449-451 (7th Cir. 2005).

12. Accordingly, removal of this action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims, and is timely and properly removed by the filing of this Notice.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## CONCLUSION

13. WHEREFORE, having provided notice as required by law, Defendant respectfully requests that the above-captioned action be duly removed from Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  December 29, 2017            KELLEY DRYE & WARREN LLP

By: */s/Givonna S. Long*
     Givonna S. Long
     333 West Wacker Drive, 26th Fl.
     Chicago, Illinois 60606
     Phone: 312-857-7070
     Fax: 312-857-7095
     *Attorneys for Defendant*
     *MyPizza Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2017, I caused a copy of the foregoing document and accompanying exhibit to be served upon:

**Via FedEx**

Ryan M. Kelly
Ross W. Good
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
rkelly@andersonwanca.com
bwanca@andersonwanca.com
rgood@andersonwanca.com

*Attorneys for Plaintiff*
*Pap's Café, Ltd.*


Dated: December 29, 2017        */s/ Givonna S. Long*
                    Givonna S. Long